## THE OHIO SUPREME COURT

No. 160
BLACK et al v. SYLVANIA PRODUCING CO.
Ohio Supreme Court
No. 17179.　Decided July 5, 1922
PARTITION—Lease hold interest in gas and oil—
Partitionable.
WANAMAKER, J.:

### Epitomized Opinion

This opinion has appeared only in The Abstract.

The parties owned oil and gas leases on a producing oil field. Two of the parties, it was claimed by the third, failed to pay their part of the expense in the proper operation of the leases, and that by reason thereof the property was depreciating in value, also that they were the owners as tenant in common of leasehold rights, and it was asked that the property might be partitioned among the co-tenants.　Held:

That an oil and gas lease and the appurtenances necessary to develop the lands for the production of oil and gas is partitionable, either under the statute, 12026 GC., or in equity.

Attorneys—Sykes & Folger, Lynch & Lynch, for Black; Moore, DeVaul & Moore, for Sylvania Co.

No. 161
BENNETT v. FLEMMING et al
Ohio Supreme Court
No. 17131.　Decided July 5, 1922
JUDGMENTS—(1) Vacation after term by infant arriving at age—(2) Reservation of rights of infants—(3) Limitation for error proceedings—Section 11603, 11631 and 12270 GC.—(3) Unborn persons bound by judgment—(4) Duty of Court and guardian ad litem—(5) Independent action by infant for fraud—Doctrine of virtual representation—Infants as parties defendant.
MARSHALL, C. J.:

### Epitomized Opinion

This opinion has appeared only in The Abstract.

James Bennett left by will certain real estate to his daughter, the defendant, for life, with remainder to the heirs of her body, and further providing that if Mrs. Flemming died without surviving issue, the real estate should pass, equally to other children, with remainder to their children. Mrs. Flemming during her life time began an action under Section 11925 GC, to terminate the life estate, as provided therein, and alleging that there would be no substantial injury to the heirs in tail. The property was sold on decree without appraisement and Mrs. Flemming purchase it for $14,000.00. A trustee was appointed and has ever since held the fund for distribution to whoever in the end might be entitled thereto. Mrs. Flemming died, leaving no children, but, by will, left it to two of her friends. The plaintiff, Helen Bennett, was not born until after proceedings for the sale of the property were fully ended. A guardian ad litem for the numerous infant defendants was appointed in the proceeding for the sale. Helen Bennett, after arriving at full age, commenced an action in the same court, ordred the sale, alleging fraud. This was done within one year after arriving at her majority.　Held:

1. Paragraphs 5 and 8 of 11631, 11603 and 12270 GC. are cumulative, and the infant has a right to impeach a judgment for fraud after arriving at full age, and within one year thereafter, and may prosecute an original suit in the court where the decree complained of was entered.

2. Persons having a remote, contingent or expectant interest are bound by the judgment rendered concerning the property in which their interests are, although not made a party to the suit, if the holder of the first estate of the inheritance is a party.

3. An estate limited over to persons who are unborn are represented by the living owner of the first estate of inheritance and a decree is valid in a suit in which the first holder of the inheritance, a living person, is made a party.　A judgment will conclude the rights of after born remainderment.

4. Where infants are parties to a suit, it is the duty of the court and the guardian ad litem to ascertain the legal and equitable rights of the infant and to safeguard them fully.

5. Where infants are involved and the owner of the life of the estate bids in the property at a sale, made without appraisement and no innocent purchasers are involved on the petition for a full inquiry by an infant after arriving at a full age, filed within one year, the court should examine carefully into the former decision, and sale.

Attorneys—Abernethy & Simkins, Chas. H. May and Chas. J. Pretzman, for plaintiff in error; Burton Walters and John P. Phillips, for defendant in error.

No. 162
MORTON v. STATE
Ohio Supreme Court
No. 16916.　Decided July 5, 1922
CRIMINAL LAW—Depositions by accused—Equal protection of the law—(1) 13668 GC. unconstitutional—(2) Unconstitutionality of the substituted section—(3) Repealing clause inoperative.—Revival.

Error to Cuyahoga Count Court of Appeals
ROBINSON, J.:

### Epitomized Opinion

This opinion has appeared only in The Abstract.

James Morton, being charged with robbery, was indicted by the grand jury. His attorneys made application under sec. 13668 GC. to take deposition of witnesses outside of the state of Ohio, his attorneys assuming that the Sec. 13668 was unconstitutional. The court overruled the application, holding that Sec. 13668 as found in 103 O. L. 443 had been repealed by the substituted Sec. 13668, as found in 107 O. L. 451. This application was overruled by the court. His attorneys then made an application under the section as amended 451, which law provided that deposition could be taken outside the state, when the defendant was not confined in prison. The former section provided that the court should grant a commission to take such deposition and the amended section was the same, except there had been inserted therein "unless the defendant is confined in prison."

Court of appeals affirmed the court of common pleas and the supreme court in reversing held:

1. That the section, as shown in 107 O. L. 452, denied the equal protection and benefit, because it gave the benefit to a defendant, or prisoner who was able to furnish bond and be at large, pending preparation of the case, to have such deposition taken, and denied the less fortunate prisoner who could not furnish bond, and was confined in jail, the right to have such deposition taken, hence is in violation.　Art. 1, Sec. 2, of Ohio Constitution, and Sec. 1 of the 14th Amend. of U. S. Constitution.

2. Where a repealing clause neither carries an expressed intention to repeal the prior law, and such intention does not clearly appear from the substitute section, it is, by reason of the unconstitutionality of the substituted section, inoperative, approving 91 O S.1, and 89 OS. 351.

Attorneys—P. J. Mulligan, for Morton; E. C. Stanton, Pros., James T. Cassidy and John G. Price, attorney general, for State.