By the Court.
The defendant in error was indicted for first degree murder. There followed a conviction, with a recommendation for mercy.
While the prisoner was incarcerated in jail, the trial court, over the objection of the state, permitted the taking of depositions in his behalf in the state of Pennsylvania, and thereafter permitted the same to be read at the trial. The state now contends that these depositions were taken in violation of Section 13668, General Code (107 O. L., 451). In Morton v. State, 105 Ohio St., 366, decided at the present term, this court held that above section was violative of the equal protection clause of the state and federal constitutions, and that the repealing clause of that section was also void, and restored the former statute under which these depositions could be taken. *341 The exceptions are overruled on the authority of that case.
On the application of the prisoner, excepted to by the state, the trial court made an order that he should be sent to a place outside of the county jail, to-wit, the general city hospital, for X-ray examination. This action was within the court’s discretion and was not error. The exceptions taken in that respect are therefore overruled.
On the trial the defendant offered testimony tending to show insanity, and offered expert witnesses in that behalf. In the briefs of counsel the question propounded is: “Is a hypothetical question propounded on cross-examination to the defendant’s witness objectionable merely because the question does not contain the evidence introduced on behalf of the defendant?” Were the court to answer the question in the abstract it would be answered in the negative, provided of course the prosecutor’s hypothetical question was based upon evidence offered in the case. However in the state of this record, the briefs do not point out the evidence upon which the hypothetical question was based on cross-examination, and for that reason the exceptions will be overruled.

Exceptions overruled.

Hough, Robinson, Jones and Matthias, JJ., concur.
Claek, J., took no part in the consideration or decision of the case.