By the Court.
 

 Plaintiff in error challenges the judgment of the Court of Appeals upon the ground, first, that the act of 1859 under which the sale of the Greene county property was made was invalid and unconstitutional, as being in conflict with Section 19, Article 1, and Section 28, Article 2, of the Ohio Constitution. These provisions of the Constitution, in so far as pertinent, read as follows:
 

 Section 19, Article 1: “Private property shall ever be held inviolate, but subservient to the public welfare. * * *”
 

 Section 28, Article 2: “The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts. * * *”
 

 Plaintiff in error’s contention is that the Legislature could not, by any act passed after the will was made, affect the execution of the provisions of Isaac Wilson’s will. He claims that the Legislature has no authority to destroy the right of Isaac Wilson to have the provisions of his will executed as he wrote them, and that such is the result if this law is upheld. The constitutionality of the act, however, has been sustained.
 
 Nimmons
 
 v.
 
 Westfall,
 
 33 Ohio St. 213;
 
 Oyler
 
 v.
 
 Scanlan,
 
 33 Ohio St. 308;
 
 Bennett
 
 v.
 
 Fleming,
 
 105 Ohio St. 352, at page 363, 137 N. E. 900.
 

 Exactly the same question was raised in the first two of the above cases, namely, that this law was retroactive, and hence violated the above-quoted sections of the Constitution. The case of
 
 Nimmons
 
 v.
 
 Westfall, supra,
 
 held in 'Section 7 of the syllabus:
 

 “The act of'April 4, 1859 (S. & C. 550), and the
 
 *583
 
 supplemental acts of March 30, 1864 (S. & S. 346), and April 13, 1865 (S. & S. 347), in so far as they affect and apply to estates created subsequent to their passage, are not in contravention of Section 19, of Article 1, of the Constitution of this state.”
 

 Oyler
 
 v.
 
 Scanlan, supra,
 
 held in the second paragraph of the syllabus:
 

 “2. The act of April 4, 1859 (S. & C. 550), and acts amendatory thereto of March 30, 1864, and April 13, 1865, are not unconstitutional as to estates vesting after the passage of those acts.”
 

 It is true that each of the wills in the
 
 Nimmons
 
 and
 
 Oyler cases
 
 was executed after the passage of the act, and not, as Isaac Wilson’s, before the passage of the act; but we fail to see that this affects the problem inasmuch as the will speaks, not from the time of execution, but from the time of the death of the testator. 28 Ruling Case Law, p. 283, Section 255;
 
 Oyler
 
 v.
 
 Scanlan,
 
 33 Ohio St., 308, at page 311;
 
 Baker
 
 v.
 
 Baker,
 
 51 Ohio St., 217, at page 222. Isaac Wilson died upon April 10, 1860, after the act in question was in full force and effect.
 

 Plaintiffs in error maintain-, secondly, that the sale in question could not bind Olevia May Judy, since she was not born in 1869. However, she was bound by the proceedings in Greene county under the doctrine of virtual representation.
 
 Bennett
 
 v.
 
 Fleming,
 
 105 Ohio St. 352, 137 N. E. 900. The second paragraph of the syllabus of the
 
 Bennett Case
 
 is as follows:
 

 “Persons having a remote, contingent, or expectant interest in realty are bound by the judgment rendered in an action concerning the property, although not made parties to the suit, if the holder
 
 *584
 
 of the first estate of inheritance is a party. Estates limited over to persons not in being are represented by the living owner of the first estate of inheritance, so that a decree in a suit to which the first holder, a living person, is made a party, will conclude the rights of after-born remaindermen.”
 

 Plaintiffs in error next contend that the sale of the G-reene county land was irregular, upon the ground that the law as to service upon the minors was not complied with.
 

 The original act providing for the sale of entailed or life estates is found in chapter 41, pp. 550 to 552, inclusive, of volume 1 of Swan & Critchfield’s Revised Statutes of Ohio. Section 2 of that act provides in part as follows:
 

 “The same notice shall be given to defendants of the application for the sale as now is or may hereafter be required in cases of petitions of administrators for authority to sell real estate for the payment of debts.”
 

 Examining the provision then in force as to notice required to be given to defendants in a suit by an administrator to sell real estate for the payment of debts (1 Swan
 
 &
 
 Critchfield’s Revised Statutes of Ohio, p. 590), we find:
 

 “Notice in writing of the petition, and of the time and place of hearing the same, or subpoenas in chancery, shall be served as in chancery, upon the defendants whose names and places of residence are. known and who reside in this state, at least fourteen days before the court shall make an order for the sale of the real estate mentioned in the petition: Provided, that if all persons interested signify, in writing, their assent to such
 
 *585
 
 sale,
 
 the notice and subpoena
 
 may be dispensed with. Testamentary guardians, and guardians appointed by tbe court, may assent, in tbe place of tbeir wards, to the sale.”
 

 In this ease all persons interested assented to tbe sale.
 

 This provision is again emphasized by Section 4 of tbe original Entailment Act, S. & C. 550, which reads as follows:
 

 “All parties in interest may appear voluntarily and consent in writing to such sale, and testamentary guardians and guardians
 
 appointed by the court of probate,
 
 may assent, in tbe place of tbeir wards, to tbe sale.”
 

 Tbe record shows that Samuel Judy, guardian, appointed by tbe probate court, filed bis formal consent to the sale. Hence, when Samuel Judy waived notice and gave bis consent to tbe sale, he acted under tbe plain authority of tbe statute.
 

 ' Tbe plaintiffs in error contend that Samuel Judy, when he filed his waiver of notice and entered bis appearance, did not in terms waive notice upon bis wards, nor enter appearance for them. This contention is borne out by tbe record, the answer of Samuel Judy, guardian, in tbe pertinent part reading as follows:
 

 “And now comes tbe said Samuel H. Judy, defendant, and, waiving tbe service of notice of tbe pendency and prayer of tbe petition of said Joshua Judy and Martha J. Judy, plaintiffs, hereby enters bis appearance to said petition, and for answer thereto says it is true, as alleged in said petition, that be is tbe duly appointed and qualified guardian of tbe estates of each and all of his codefendants,
 
 *586
 
 to wit, the said Kossuth Judy, Florence A. Judy, Henry C. Judy, Ohio Belle Judy, Wilson L. Judy, Mary E. Judy, Uriah B. Judy, Oliver C. Judy, and Frank W. Judy; that a sale of said premises would be for the benefit of the said Martha J. Judy, and will do no injury to the devisees in remainder, his wards aforesaid, and he as such guardian for and in behalf of each and all of his said wards hereby consents to the sale of the real estate in the petition described as therein prayed.”
 

 If Samuel Judy were in this case in any other capacity than that of guardian, if for instance he were defendant in his own interest, this objection might have some weight; however, he is joined as a party as guardian only, and enters his appearance as guardian only. The record as a whole shows that the case proceeded upon the specific theory that Samuel H. Judy was acting on behalf of his wards as guardian. The objection at best is purely technical. A decree was entered, and the decree of the court is presumed to be based upon the finding of all facts necessary to the validity of the decree.
 
 State, on Complaint of Cook,
 
 v.
 
 Cook,
 
 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625;
 
 Bly
 
 v.
 
 Smith, Sheriff,
 
 94 Ohio St. 110, 113 N. E. 659. In this case the court issued the decree, and hence it is presumed that Samuel Judy acted for his wards in waiving notice and entering appearance. Moreover, the reply does not deny that the wards received due notice.
 

 We hold, therefore, that the sale of the G-reene county land was regular according to the law in .force in 1869.
 

 Plaintiffs in error further attack the proceed
 
 *587
 
 ings on the ground, that no guardian
 
 ad litem
 
 was appointed. However, Section 127 of the original Entailment Acts, Swan
 
 &
 
 Critehfield’s Statutes, c. 43; p. 590, provides as follows:
 

 “It shall not be necessary, unless the petition is contested, to appoint guardians
 
 ad litem
 
 for the infant defendants; and no such guardian shall have authority to waive notice or service of subpoena.”
 

 The petition was not contested in the Greene county case.
 

 Plaintiff in error next claims that the master commissioner appointed to effect the sale, and Uriah Wilson, who bought the property, were both ineligible, because they happened to be executors of Isaac Wilson. This contention is disposed of by the fact that the record does not show that either William H. Wilson, who was first appointed master commissioner, or Uriah Wilson, who succeeded William H. Wilson, was an executor of Isaac Wilson.
 

 The answer of Trollinger set up as a third defense the fact that these defendants had receipted for their respective shares from the proceeds of the real estate in Darke county, which was bought with the proceeds of the sale of the land in Greene county.
 

 In reply the plaintiff and the other defendants, except Trollinger, deny that any or either of them receipted for or received any money from the sheriff of Darke county in the said case. This reply is inconclusive, for the parties in question may have received notes or some form of security and payment, even if they did not receive money from the sheriff of Darke county. Hence upon this
 
 *588
 
 feature of the case the reply is not good against demurrer.
 

 The demurrer to the reply was properly sustained and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Wana maker, J., not participating.