WILLIAMS, Mayor v. SHIVELEY

Ohio Appeals, 3rd Dist., Union Co.

Decided June 24, 1926

147. BILLS & NOTES—Where a note is accepted by a mayor of a village in lieu of a judgment in a criminal prosecution, said note is void for want of consideration.

923. PLEADING—Where defendant sets up fraud in the procurement of a note and although the defense is subject to a motion to make more definite and certain as to the parties to the fraud, it is a sufficient allegation as against a demurrer.

MAUCK, P. J.

E. E. Williams filed his petition in the Union Common Pleas alleging that he is the owner and holder of a promissory note at which the following is a copy:—

$520

West Union, Ohio. December 9, 1924. "Ten days after date we or either of us promise to pay to E. E. Williams, mayor of West Union, Ohio. for the benefit of the state of Ohio, and West Union, the sum of five hundred and twenty dollars for value received.

"Henry Shiveley"
"Sarah Shiveley"

It is averred that there are credits on the note of $120 and Williams prays judgment for $400 with interest.

Two defenses were set up by the Shiveleys, the first that Williams is the Mayor of West Union and as such fined Henry Shiveley $300 for violation of a state law, and as there was had no authority or power to exact or take no other consideration, and that the Mayor said note and the same is void; second, that the signature of Sarah Shiveley was gotten by fraudulently representing that it was a bond requiring Henry Shiveley to remain constructively in charge of said court, and for no other purpose. Williams filed a demurrer which the Common Pleas overruled, and judgment was rendered in favor of Shiveley. On error, the Court of Appeals held:

1. If the note represented the fine, that is, if it was given to secure payment of the fine, it might be the case that the consideration for the note would be the postponement of the jail sentence.

2. But by the demurrer, Williams admitted that the note was given as a substitute for the fine and there is no statute giving a mayor of a village the power to substitute a note for a judgment.

3. The self evident reason for the fact that there is no statute is that if a mayor could get good security he could likewise substitute security of no value and thereby surrender the power of the state to imprison for non-payment.

4. Further it was early held that a public officer had no power to change the power of credit owing to the public body unless some statute authorizes it. 20 Ohio 340.

5. The second defense is likewise good under the demurrer although it was subject to a motion to make more definite and certain as to the party practicing the fraud, but it was quite as full as the allegations sustained in 105 OS. 352 at 364.

Judgment affirmed.

(Sayre and Middleton, JJ., concur.)

Attorneys—Blair & Littleton for Williams; W. R. Mehaffey for Shiveley; all of West Union.