Court of Common Pleas of Franklin County.

RICHARD C. BACHMAN, A MINOR, BY C. C. ROHRER, HIS NEXT FRIEND, V. PARK R. BACHMAN ET AL.

Decided December 8, 1927.

*Ernest A. Gabriel,* for plaintiff.

*Wilbur E. Benoy* and *Louis J. Weisen,* for Chas. F. Johnson, Incorporated and the McDowell National Bank.

*Wilson & Rector* for the Hocking Valley Railway Company.

*Johnson, Sharp, Schooler, Toland & Marshall,* for the Columbus Railway Power & Light Company.

*Arnold, Wright & Harlor,* for E. R. Sharp, Trustee.

KING, J.

Plaintiff, a minor, brings this action by his next friend under favor of the provisions of Sec. 11631 G. C., to vacate

a judgment heretofore rendered on April 1, 1911, in the Common Pleas Court of Franklin County, Ohio, in an disentailment proceedings wherein the common pleas court ordered the sale of lands and premises described in said proceedings freed from all entailments, limitations and conditions imposed by the will of John Bachman, grandfather of the plaintiff.

Plaintiff, in his petition, says, in substance, that on the 15th day of September, 1894, John Bachman, his grandfather, then residing in the state of Pennsylvania, died testate, leaving surviving him his wife, Elizabeth Bachman, deceased, his two sons, Jay Bachman and Park Bachman, and a daughter, Minnie Bachman, plaintiff's mother, as his only children.

On February 27, 1911, and up to April 25, 1911, the only children of Minnie Bachman were and now are viz.: John Tedford Bachman, Frederick Christian Bachman, Mary Louise Bachman, defendants herein, and Richard Charles Bachman, plaintiff herein. All of said children on said date were minors and resided with their mother, and each, except Richard Charles Bachman, are now more than 22 years of age.

The following on said February 27, 1911, and up to April 25, 1911, were and now are the only children of Jay Bachman, viz.: Harry Bachman and John Bachman, defendants herein. Said defendants at said time were minors residing with their father in Pennsylvania and each is now more than 22 years of age.

On said February 27, 1911, and up to April 25, 1911, Park Bachman had no children.

On said 27th day of February, 1911, Park R. Bachman filed in the Common Pleas Court of Franklin county, Ohio, a petition against Minnie Bachman, Jay Bachman, John Tedford Bachman, Frederick Christian Bachman, Mary Louise Bachman, Richard Charles Bachman, Harry Bachman and John Bachman as defendants. To said petition was attached a copy of the will of said John Bachman, the prayer of the petition being that the premises therein described be sold as authorized by the statutes of Ohio relating to the sale of entailed estates, and that said premises be sold freed from all entailments, limitations and con-

ditions of the said will of John Bachman, and the money arising therefrom be invested as required by the statutes of Ohio.

Such proceedings were had in said cause that said lands were ordered sold and were thereafter sold pursuant to the order of the court by Master Commissioner to Minnie Bachman, the consideration paid therefor being $21,870. Deed was executed and delivered to Minnie Bachman pursuant to the order of the court April 18, 1911.

The allegations of the petition set forth the respective conveyances for consideration to the defendants Winifred L. Mattoon, the Hocking Valley Railway Company, the Columbus Railway Power & Light Company, the McDowell National Bank of Sharon, Pennsylvania, and Charles F. Johnson, Incorporated, of premises acquired by them and involved in the disentailment proceedings. E. R. Sharp, defendant herein, was duly appointed by the court as trustee of the fund arising from the sale of the disentailed premises, and to be handled by him in accordance with the provisions of law.

Plaintiff alleges that the disentailment proceedings as to him are wholly irregular and void and asks the court to vacate and set aside the judgment rendered in said proceedings and grant a new trial.

In support of his right of action brought under Section 11631, G. C., the plaintiff assigns the following errors occurring in the disentailment proceedings which materially affect his substantial rights, to-wit:

First. Notice of the pendency of said action was not given this plaintiff except as hereinafter stated.

Second. Plaintiff in said action pretended to serve this plaintiff by proceeding under Section 11298, General Code of Ohio, by serving a copy of the summons and petition out of the state. Said attempted service was ineffectual and void for the following reasons, to-wit:

(a) The purported summons to which was attached copy of the petition (copy of the will of John Bachman being omitted therefrom) was issued to the sheriff of Franklin county, Ohio.

(b) The sheriff of Franklin county, Ohio, did not pursuant to Section 11285, General Code of Ohio, appoint any

person to serve said summons upon this plaintiff and therefore did not indorse on the original writ the authority of such person so appointed to serve the same.

(c) William Chess, the then sheriff of Mercer county, Pennsylvania, had no authority to serve said summons.

(d) No copy of the will of John Bachman, deceased, was attached to the copy of the petition alleged to have been served upon this plaintiff.

(e) No affidavit whether before or after attempting personal service of summons, was filed in said cause showing that service of summons could not be made within the state of Ohio on this plaintiff and that the case was one of those mentioned in Section 11292 General Code of Ohio.

(f) The purported return of such service by the said William Chess of Mercer county, Pennsylvania, was not sworn to and subscribed before a person authorized to take depositions as provided in Section 11524, General Code of Ohio.

(g) There was no return showing any service upon this plaintiff.

Third. Service by publication pursuant to Section 11292, General Code of Ohio, and personal service outside of the state by means of the serving of a copy of summons and petition pursuant to Section 11297, are not authorized in a proceeding brought under Section 11925, *et seq.*, of General Code of Ohio.

Fourth. A private sale of said premises as directed by the court was unauthorized by statute.

Fifth. The answer of Minnie Bachman as guardian of plaintiff was filed before service was had or attempted and the consent to the sale of said premises was wholly unauthorized by statute, said guardian not being a guardian appointed by any court of probate, said guardian having been appointed by the "Orphans Court" of Mercer county, Pennsylvania.

In his amendment to the petition plaintiff has set forth the jurisdiction of an "Orphan Court" of Pennsylvania and the fact that Minnie Bachman was, on February 27, 1911, duly appointed as guardian of said Richard Charles Bachman by the "Orphans Court" of Mercer county, Pennsylvania, and qualified as such; says that in addition to the

reasons above set forth in his petition, the sale of said real estate was void for the reason that said real estate in said entailment proceedings was purchased by the said Minnie Bachman, who, at the time, was the duly qualified and acting guardian of this plaintiff who was then under one year of age.

To the petition and amendment, demurrers were filed by the defendants, the Hocking Valley Ry. Co., Charles F. Johnson, Incorporated, the Columbus Railway, Power & Light Company, and E. R. Sharp, trustees, on the ground that the petition does not state facts sufficient to show a cause of action.

An authenticated copy of the proceedings had in the case of *Park R. Bachman* v. *Minnie Bachman* in the common pleas court of Franklin county, Ohio, in 1911, being the disentailment proceedings, is attached to and made a part of the proceedings as is also a copy of the will of John Bachman, deceased.

There is no suggestion of fraud or claim made that the judgment of the court in ordering the sale of lands involved freed from the entailment, would do substantial injury to the interest of the defendants or others in expectancy, reversion or remainder, or that the defendants who are successors in title to the premises involved were not purchasers for consideration.

The interest of Park Bachman in the premises involved is derived from Item 4 contained in the will of John Bachman, which provides as follows:

"To my son, Park, I give west end of Ohio land with all appurtenances thereto belonging during his natural life and subject to the same restrictions and conditions of the before mentioned farms and by reason of its being nearer the city of Columbus, now value the same as $22,200."

Restrictions and conditions referred to as "before mentioned" appearing in the second item of said will provided for "decent" to his, Park Bachman's, children if any he had; if not, to his sister and brother on like conditions and to their children.

In the disentailment proceeding in 1911 all parties having an interest in reversion, remainder or expectancy, etc., were named in the petition as parties in interest.

No discussion of the irregularities complained of by plaintiff and set forth as above stated will be made except the complaint designated as "fifth" appearing in the petition and the one set forth in the amended petition, for the reason that in our opinion the questions raised in said fifth assignment of error are decisive of the matter involved. All the errors assigned by plaintiff are apparent upon the face of the record and do not depend upon disputed questions of fact.

An examination of the record of the proceeding in disentailment discloses that Park R. Bachman on the 27th day of February, A. D. 1911, filed his petition in the office of the clerk of courts of Franklin county, Ohio, wherein Minnie Bachman and Richard Charles Bachman, infant, and others were named as parties defendant. The petition set forth a description of the estate to be sold, the interest of the plaintiff, a copy of the will by which the estate was created, the names and addresses of all persons in being who were interested in the estate by the terms of the will, and the averment that the sale of the land free from entailments, limitations and conditions contained in said will of John Bachman and the investment of the proceeds of the sale as provided by the laws of Ohio with reference to entailed estates, would be for the benefit of plaintiff and do no substantial injury to the heirs in tail or others in expectancy, succession, reversion or remainder.

Thereupon summons was issued from the office of the clerk of courts of Franklin county, Ohio, directed to the sheriff of Mercer county, Pennsylvania, commanding him to notify, among others, Richard Charles Bachman that he had been sued by Park R. Bachman. This summons was returned and filed March 13, 1911. The sheriff of Mercer county, Pennsylvania, to whom this summons was directed, made return that he served summons and copy of petition upon Richard Charles Bachman and others and upon Minnie Bachman, guardian of Richard Charles Bachman, by handing each person therein named an attested copy of said summons and petition at the residence in Sharon, Mercer county, Pennsylvania, and by making known the contents.

It is disclosed by the record of the proceedings of disentailment that the authority of William Chess of Mercer county was not indorsed on the original writ. The return of service made by said sheriff was not sworn to and subscribed before a person authorized to take depositions. No copy of the will of John Bachman, deceased, was attached to the copy of the petition attempted to be served upon Richard Charles Bachman.

The record of the proceedings in disentailment shows that a guardian *ad litem* was appointed on April 6, 1911, for Richard Charles Bachman, and on the same date an answer was filed by said guardian *ad litem* for and on behalf of his ward. It is claimed by plaintiff that since no valid service of process was made on the ward, that a guardian *ad litem* could not be appointed, and that the answer of the guardian *ad litem* did not bind the ward, the plaintiff herein. As already stated, because of these alleged irregularities, it is the claim of plaintiff that Richard Charles Bachman was never legally before the court and that the disentailment proceedings as to him were wholly irregular and void.

We shall not discuss the merit of these irregularities. In the opinion of the court the relief prayed for by plaintiff in the instant action depends upon the answer to the fifth assignment of error. The action in 1911 was a special proceeding under favor of enactments by the General Assembly to enable life tenants and donees in tail to have a remedy to escape the burdensome conditions flowing from an entailed estate. Sections 11925 to 11935, G. C., provide a plan whereby these burdensome conditions may be avoided and the corpus of the entailed property held for the benefit of reversioners or remaindermen and others named in the statute who have an interest therein. The right of the parties to apply to the proper tribunal for the relief provided by these sections is an incident attached to the statute. The claiming of the relief therein provided involves two questions of fact, first the benefit of the applicant, and the other, injury to the owner in remainder and so on. As was said by Judge Ashburn in the 33d Ohio State, page 226 of the opinion:

"The person creating the estates is presumed to have intended a benefit to accrue to the first donee, so that when it is made to appear from some cause, that the estate vested in such donee is not beneficial to him, and can be made so in another form of investment, without the injury to the owner in remainder, reversion, etc., these statutes step in to the aid of the first donee, when they can do so without injury to the owner in remainder, reversion, etc."

In accordance with the object and purpose aimed at by the General Assembly in the enactment of the disentailment statute, Section 11928, G. C., was enacted as it now appears upon the statute books and provides as follows:

"All parties in interest may appear voluntarily and consent in writing to such sale; and testamentary guardians and guardians appointed by the court of probate in the place of their wards may assent to the same."

Minnie Bachman, mother of plaintiff herein, was, on the 27th day of February, 1911, duly appointed acting and qualified guardian of plaintiff, having been appointed as such by the "Orphans Court" of Mercer county, Pennsylvania. It is alleged in substance in the amendment to the petition that the "Orphans Court" of Mercer county, Pennsylvania, was a court of record having a seal and the jurisdiction conferred upon it by law of the appointment, control, removal and discharge of the guardians of minors and the settlement of their estates. The jurisdiction of the "Orphans Court" of Pennsylvania was similar to the jurisdiction of the probate court of Ohio. The use of the words "Court of Probate" occurring in Section 11928 is generic and applies to courts having similar jurisdiction of the appointment and removal of guardians. Therefore the jurisdiction of the "Orphans Court" of Pennsylvania, and the "Court of Probate" of Ohio being the same, Minnie Bachman was a guardian "appointed by the Court of Probate" within the meaning of Section 11928 and authorized to consent to the sale.

The next question to be considered is the authority of the guardian to enter appearance of the ward. Counsel for plaintiff on this point contend that the guardian was without authority to waive service of summons upon the

ward and enter his appearance. The answer to this question depends upon the construction of Section 11928. The language of the statute above referred to is :

*"All persons in interest may appear voluntarily * * * guardians appointed by the court of probate in the place of their wards may assent to the sale."*

This language clearly implies that guardians may waive service of summons for their ward. The purpose of the statute is to provide for a sale by consent of all parties and consent by guardian is intended to provide for a situation where a party in interest cannot consent by reason of some disability, in this instance infancy.

Minnie Bachman made on behalf of her ward in the entailment proceedings the following answer:

"Now comes Minnie Bachman and avers that she is the legally appointed, qualified and acting guardian of the estate of John Tedford Bachman, Frederick Christian Bachman, Mary Louise Bachman, and Richard Charles Bachman, minors and defendants in the within entitled cause. That a duly certified copy of the letter of guardianship issued to her by the duly authorized court of Mercer county, Pennsylvania, is hereto attached. That on behalf of her said wards and as authorized and empowered by Section 11928 of the General Code of the statutes of Ohio, she hereby consents to the sale of said premises as prayed for in the petition and otherwise joins in the prayer of said petition.' '

It is to be observed that the proceedings were not instituted by Minnie Bachman. She stands in the same position as her ward. Her interests in the suit were not adverse to the ward's, but on the contrary, were identical. Her interests in the proceedings were not opposed to her duty to her ward.

The answer, therefore, of Minnie Bachman, effected the appearance of the ward and his assent to the sale. To hold that in addition thereto there should have been served summons upon the ward would in effect defeat the purposes of the provision.

The Supreme Court in the case of *Judy* v. *Trallinger*, 110 Ohio State, 576, construed this statute with reference to waiver of service by a guardian by proceeding under

Section 11925 *et seq.* General Code, and in our opinion is authority for the construction we have here given. The Judy case was a proceeding in disentailment controlled, however, by the original disentailment act. The will in this case was probated shortly after the present entailment act went into effect. The testator died in April 1860. The act was passed in April, 1859. In the Judy case no attempt at service was made upon the minor children of Martha Judy. Samuel Judy was appointed guardian of the minor children and filed their answer in the proceedings waiving the serving of notice of the pendency of the action and the prayer of the petition and entered appearance and consented to the sale. In that case as in this case the land was sold free of entailment and passed into the hands of purchasers for value. Subsequently the life tenant died and a partition action was brought in which case a cross petition to quiet title was filed, and in these proceedings the regularity and validity of the sale of the entailment case was questioned. The lower court entered a decree quieting the title. In the Supreme Court the judgment was challenged among other things on the ground that no service was had upon the minors, and in disposing of this subject the court said:

"The record shows that Samuel July, guardian appointed by the probate court, filed his formal consent to the sale. Hence when Samuel Judy waived notice and gave his consent to the sale he acted under the plain authority of the statute."

It was also contended in this case by plaintiffs in error that Samuel Judy when he filed his waiver of notice and entered his appearance did not in terms waive notice nor enter appearance. The Supreme Court in passing upon this point in effect held that the entering of appearance formally by filing an answer and consenting to the sale constituted a waiver of notice and that such authority is clearly to be implied from the provisions of Section 11298. The court with reference to this objection specifically said that "this contention is borne out by the record." The court, as to this contention, says as follows :

"The objection at best is purely technical. A decree

was entered and the decree of the court is presumed to be based upon the findings of all facts necessary to the validity of the decree."

The provisions of the statute would admit of no other answer than that given by the court to this objection made by the plaintiffs in error.

Changes made in the statutes with reference to disentailment proceedings since the occurring of the facts upon which the Judy case was decided are not such changes as in our opinion effect or change the interpretation of Section 11928, given by the Supreme Court or the application we have made.

The filing by Judy formally in the proceedings of his answer as guardian and giving his consent as such guardian to the sale, there is but one fair deduction to make, and that is, as the court said, that "he acted under the plain authority of the statute." We conclude, therefore, that the answer of Minnie Bachman filed in the entailment proceedings in 1911 as guardian for the plaintiff herein and consenting to the sale of the entailed premises and joining in the prayer of the petition that the sale thereof would be for the best interest of the life tenant and do no substantial injury to reversioners, remaindermen or others having an expectancy, thereby waived notice and entered appearance for her ward; that Minnie Bachman was the duly appointed, acting and qualified guardian appointed by the "Orphans Court" of Mercer county, Pennsylvania; that the said "Orphans Court" is a "Court of Probate" within the meaning of Section 11928 General Code of Ohio. By reason of the foregoing we are of the opinion that the appointment of the guardian *ad litem* was unnecessary in a disentailment proceeding that service of summons upon Richard Charles Bachman such as was made in that proceeding was superfluous; that the guardian Minnie Bachman, in filing her answer as guardian for Richard Charles Bachman, acted pursuant to the authority of Section 11297, General Code, and that the objections made by plaintiff herein designated as "fifth" are, therefore, not well taken.

Plaintiff makes the objection that the sale of the prop-

erty in the disentailment proceedings was irregular because it was made at private sale. The record discloses that the premises were ordered by the court to be appraised which was done. A master commissioner was appointed by the court and authority granted him to sell the property at not less than the appraised value. These things were done in accordance with the court's order, and pursuant to full authority given the court under Section 11927 of the General Code of Ohio, which provides as follows:

"Upon the hearing, if it be made to appear by satisfactory proof that a sale of the estate would be for the benefit of the tenant entail or for life, and do no substantial injury to the heirs entail, or others in expectancy, successsion, reversion or remainder, the court shall direct a sale to be made, the manner thereof, and appoint some suitable person or persons to make it. Such sale shall vest the estate sold in the purchaser freed from the entailment, limitation, or condition."

Section 11929 provides:

"Such sale shall be reported to the court authorizing them; on examination thereof if it appears that the sale was fairly conducted and made and that the price obtained is the reasonable value of the estate sold, the court shall confirm the sale and direct a deed of conveyance of the premises sold to be made to the purchaser, on payment of the purchase money, or securing this payment as the court approves."

The record discloses that the sale was made in accordance with the order of the court and under the authority and provisions of the statute.

Plaintiff also contends that the sale in the disentailment proceedings was irregular because the premises were sold to the guardian of the plaintiff. As already pointed out the sale was made by a Master Commissioner appointed by the court and under the orders of the court, and the sale was confirmed upon report thereof by the Master Commissioner to the court.

Park Bachman instituted the proceedings. Minnie Bachman, the guardian, had no control over the sale directly or indirectly. The sale was not by her but by the

Master Commissioner under orders of the court. Minnie Bachman was not both buyer and seller. This is the thing which the law prohibits. The rule is laid down in the case of *Glencer* v. *Glencer,* 5 N. P., 170. The court said:

"It is also alleged by counsel for plaintiff that the sale made in the partition case is void and no title passed for the reason that Marie Glencer, guardian of said minors, purchased said property. That is that Marie Glencer being a trustee would be deprived of purchasing or getting a good title at her own sale. Counsel, however, overlook the fact that this was not the sale of Marie Glencer, guardian, or as a trustee. The partition suit was brought by Charles E. Glencer, who had an interest of one-third in the property. She was not, therefore, conducting a sale of her own as trustee but was attending a sale by another officer, that is the sheriff. * * * She was not here both seller and buyer. The sheriff was interposed by the court to make the sale.

"Therefore, we think that this ground of complaint is not well taken as it is not a purchase by a trustee of the property at his own sale as contemplated in the cases cited." (Pages 173-4.)

To the same effect is *English* v. *Moneypenny,* 6 C. C., 554. I quote the pertinent portions of the opinion occurring at page 563:

"In the multitude of reported cases in which this rule has been extended and applied there are many irreconcilable constructions. They are, however, in accord upon the proposition that if the trustee controls the sale he cannot either personally or by another who acts in his behalf become the purchaser. * * * The property was offered for sale by the court through its executive officer, the sheriff, who had unrestricted control of the sale subject to the approval of the court. In *Charpenning's Appeal,* 32 Pa. St., 315, Thompson, Judge, speaking of such a rule, says: 'The reason of the law is its life and unless some advantage might be gained by reason of the relation (that of trustee) the principle does not apply.' To the same effect are *Fisk* v. *Sarber,* 6 Watts, N. S., 18, *Prevost* v. *Gratts,* Peters C. C., 364."

This case was affirmed by the Supreme Court without report, 56 Ohio State, 733, and a motion for rehearing was afterwards denied. 33 W. L. B., 280.

For the foregoing reasons let the demurrers filed by the defendants herein be sustained.