BEARD, MASTER COMMR., *v.* PRINZ.

(Decided January 28, 1929.)

*Mr. Charles W. Dale,* for plaintiff.
*Messrs. Burkhart, Heald & Pickrel,* for defendant.

ALLREAD, J.    The action in the court of common pleas was brought by Martin L. Beard, as master commissioner, appointed by the common pleas court

under the provisions of Section 11925 *et seq.*, General Code, to sell an entailed estate of certain real estate located in the village of Oakwood.

It appears that in the original deed for said real estate from Will I. Ohmer to his daughter, Grace Ohmer, the same was entailed to the issue of the body of Grace Ohmer. At the time the action was brought, Grace Ohmer was still a minor and had no children. In the original proceedings, the real estate was platted and offered for sale under the statutes of entails. The particular real estate involved in this case was bid in by the defendant, Louis W. Prinz, for $14,500.

In the original action, in which the plaintiff was appointed trustee, the life tenant, Grace Ohmer, was plaintiff, and Will I. Ohmer and Grace Ohmer were defendants. The proceedings were in all respects regular, and provided for a sale of the real estate by the said master commissioner to the said Louis W. Prinz, and the confirmation of said sale was had by the court. The present action was brought by the commissioner against Prinz to compel a specific performance of the contract.

The question is one of virtual representation. No children having been born of said Grace Ohmer, the right of said unborn heirs of her body would be precluded under the decree upon the doctrine of virtual representation. This doctrine has been recognized in the cases of *Bennett* v. *Fleming,* 105 Ohio St., 352, 137 N. E., 900, and *Judy* v. *Trollinger,* 110 Ohio St., 576, 144 N. E., 44. In each of those cases, however, there were certain children of the tenant for life living, and after the decree there came into existence certain unborn heirs. In both cases it was

held that the children which were before the court at the time the original decree was made had the right to represent heirs or children thereafter born, by the doctrine of representation. This case compels the court to go further, and hold that the tenant for life has the right to represent her issue thereafter born.

Under the English law, in the case of *Gifford* v. *Hort*, 1 Schoales & Lefroy's Reports, 386, on page 408, it has been held by Lord Redsdale, Chancellor, that "it has been repeatedly determined that if there be tenant for life, remainder to his first son in tail, remainder over, and he is brought before the court before he has issue, the contingent remainder-men are barred. This is now considered the settled rule of courts of equity and of necessity."

This doctrine is also upheld by Story's Equity Pleadings (10th Ed.), Section 145, at page 153, wherein it is said: "So if there be a tenant for life, remainder to his first son in tail, remainder over; and the tenant for life is brought before the court before he has issue, it is settled in equity that the contingent remaindermen are barred, and (as has been said) from necessity."

The same rule is also announced in Section 792, Story's Equity Pleading, and Mitford's Equity Pleading, 239 and 240.

In the case of *Stewart* v. *O'Neil* (C. C. A.), 237 F., 897, 14 O. L. R., 553, it was held: "Where it was greatly to the interest of the executors in their individual capacity and also to numerous defendants to uphold a will which was set aside forty years before the birth of the present appellee (a descendant of one of the devisees), it must be held that the

principle of virtual representation applied and that his claim under the will was concluded by the decree in that case, notwithstanding he was not a party thereto."

The estate involved in that case was devised to Charlotta C. Williams who was four years old at the time of the probation of the will, and upon her death was to go to the children of her body begotten, forever. Charlotta C. Williams married John H. O'Neil November 22, 1880. There was born to them July 24, 1883, the appellee, Robert H. O'Neil, and he was the only child of her body begotten. Charlotta C. O'Neil died February 24, 1904. Robert H. O'Neil is therefore the claimant in the present case. The former decree was rendered on December 30, 1843, setting aside the will and holding for naught the probate of the document as the will of Elmer Williams. This decree was then appealed to the Supreme Court, where the case was compromised, but the really effective decree was rendered in the court of common pleas on December 30, 1843. The federal Circuit Court of Appeals in this case held that a decree against the mother, setting the will aside, was binding upon her child, who was then unborn. This is a parallel case to the one under consideration.

The case of *McArthur* v. *Scott*, 113 U. S., 340, 5 S. Ct., 652, 28 L. Ed., 1015, holds that a decree setting aside a will wherein the executors are not parties, is a voidable decree, and can be set aside by the heirs. That decision, however, goes upon the theory that the executors under the will are necessary parties, and that without their being present in court the

decree is capable of being set aside at the suit of any of the heirs.

Counsel also refer to the opinion of the court in the case of *Schneider* v. *Wolf,* 120 Ohio St., 524, 168 N. E., 679. The case cited was a partition case, wherein the title of one of the defendants was for life, with a remainder to his unborn heirs. The trial court held that an order of partition made at the suit of one of the parties, who held a fee-simple estate, was not affected by the fact that one of the defendants held a life estate, the fee being in his children. It was there held that the heirs of the son, who took the entailed estate, were represented by the father by virtual representation.

It is claimed, however, that a different rule is set forth in certain modern authorities. Among these are *County of Los Angeles* v. *Winans,* 13 Cal. App., 234, 109 P., 640, and *Downey* v. *Seib,* 185 N. Y., 427, 78 N. E., 66, 8 L. R. A. (N. S.), 49, 113 Am. St. Rep., 926. In the California case, as well as in the other cases, it was held that, where the present tenants have an interest adverse to the after-born heirs, the doctrine of virtual representation does not apply. We are unable to ascertain how the doctrine of these cases can apply here. Grace Ohmer, by her guardian, institutes this suit, and makes herself a party defendant, upon the theory that the estate claimed is valid. The entire proceeding is based upon the same theory, and the plaintiff was appointed as special master commissioner to enforce the sale under the entailment statutes. We find nothing in the case which would in any way put Grace Ohmer in opposition to the right and estate granted to the heirs of her body. All the acts of Grace Ohmer in

bringing the suit, in having the commissioner appointed, and in the sale of the estate, are in harmony with the claims of her unborn heirs, and we cannot appreciate that the claim that she is the owner of the life tenancy and is seeking to sell the estate is in any way opposed to the claims of her heirs under the deed to her unborn heirs of her father, Will I. Ohmer. We cannot conceive that the title of Mr. Prinz under the deed from the master commissioner would be in any way hazarded by the subsequent birth of children of Grace Ohmer.

We are therefore of opinion that the title conveyed by the special master commissioner is sufficient under the statute, and that it conferred a fee-simple title upon the defendant. It would therefore follow that the plaintiff in this case is entitled to a decree for specific performance.

*Decree granted.*

FERNEDING and KUNKLE, JJ., concur.