Powell, J.
The facts out of which the controversy in this case arises, and the controversy itself, are clearly presented in the above statement of facts, and, while there are other issues presented by the pleadings, they are subordinate to the question of the right 'and authority of Harold A. Laver to sell and convey the said real estate at the time he attempted to convey the same to Martin Kreiter. Items two and three of the will of Philip Laver create the following estates in said lands:
1. An estate for life in .testator’s two 'sons, George M. and Philip J. Laver, in equal shares.
2. An estate for life in the survivor of said two sons, George M. and Philip J. Laver, in the whole of said real estate.
3. At the death of such survivor an estate in fee simple to the heirs of the bodies of said George M. and Philip J. Laver, in equal' shares to the heirs of the body of each of said sons.
*444 4. If, at the death of such survivor, the heirs of the body of either are all deceased, the whole estate is given to the heirs of the body of either then surviving.
It will be noticed that the fee simple title from testator’s death until the death of his surviving son is not vested anywhere, by the terms of the will. It therefore descended by operation of law to the heirs at law of the testator, viz., George M. and Philip J. Laver. It could not pass to Edith Laver or Harold A. Laver, as they were not heirs at law of the testator. It could only pass to them by the terms of the will itself. It did not so pass because the will fixes the death of the survivor of testator’s two sons as the date when the fee simple title should pass, and then not to Edith and Harold A. Laver, individually, but to the heirs of the bodies of George M. and Philip J. Laver, as a class. Edith and Harold A. meet the requirements of the will as to the class that should take said estate at the date fixed, viz., at the death of George M. Laver, which occurred on the 5th day of November, 1915.
Harold’s deed to Martin Kreiter was made December 2, 1912, nearly three years before any title whatever accrued to him under the will of Philip Laver.
We are of the opinion that the deed of Harold A. Laver to the defendant Martin Kreiter did not convey to the grantee named in said deed any right or title to'the real estate in controversy.
The estates created by the will of Philip Laver are in legal effect entailed estates, giving to the first takers an estate for life only, and to the issue *445 of the first takers, or to the heirs of their bodies, an estate in fee simple.
A rule of construction for such cases is laid down in the cases of Dungan v. Kline et al., 81 Ohio St., 371; Dart v. Dart, 7 Conn., 250, and Carter v. Grossnickle, 11 N. P., N. S., 465, affirmed without opinion, 88 Ohio St., 577.
Under these authorities Harold A. Laver had no interest in said lands that he could alienate. Neither is anything pleaded or shown by the testimony that would operate as an estoppel against him.
Kreiter having paid certain money for the benefit of Harold A. Laver, he ought, in equity, to have the same repaid to him, and this will be so ordered. The same decree may be entered in this court as was entered in the court of common pleas.

Judgment rendered in favor of defendant Harold A. Laver and against all other defendants, excepting as to the money ordered repaid to 'Martin Kreiter.

Houck and Shields, JJ., concur.