Kinkade, J.
 

 The plaintiffs in error seek a reversal of a judgment of conviction and sentence for contempt, rendered and imposed against them in the common pleas court, and affirmed by the Court of Appeals by reason of their refusal to carry out a contract of purchase made by them of real estate ordered sold at a judicial sale in the trial court. The defense which was presented in the trial court was that the title tendered was not a merchantable title. This defense was held not to be sufficient by the trial court. The order of sale was made in a partition case. The claimed defect in title was that the court did not have before it all of the parties necessary to justify the order of sale. The parties not represented in court formed a class of devisees named in a last will and testament of a former owner of the property as the unborn children of one of the devisees holding a life estate, under the will.
 

 
 *526
 
 At the time the action in partition was commenced, and at the time the order of sale was made, none of this class had been born, and none has since come into being. The testator willed his entire estate, embracing both real and personal property, to his wife and his four sons, all of whom survived him. The wife was given a life estate in the property. Three sons were each given an undivided one-fourth of the property in fee simple, effective at the termination of the mother’s life estate. The other, herein referred to as the fourth son, was given a life interest in the income received from the remaining undivided one-fourth of the property, to be received and administered by his guardian, and he was to expend the same for his ward’s support. Upon the death of the fourth son, the unconsumed balance of this undivided one-fourth of the property was to pass in fee simple to such child or children begotten by him as should survive him, and, if no such issue survived him, then this undivided one-fourth of the property was to go to the other three brothers, or their heirs, in fee simple, effective at the termination of the life estate of the mother. The fourth son is still living. Manifestly there is no way of determining with certainty, prior to his death, whether he will have issue by him begotten, or whether, if he does have such issue, any of the issue will survive him. This being the situation confronting the trial court when the action in partition was commenced, and when the order of sale and the confirmation of the sale were entered, the plaintiffs in error insist that the trial court had no power to render any judgment or to make any order which would bind any of the class of unborn devisees named in the will,' and that for this reason the title tendered to
 
 *527
 
 plaintiffs in error was not merchantable, and that they were not guilty of contempt of court in refusing to carry out the terms of the purchase.
 

 Before the action in partition was commenced, an action was duly brought in the court of common pleas under and pursuant to the provisions of Sections 11925 to 11935, inclusive, General Code, to accomplish the disentailment of the property in question. All parties interested and in being were made parties to this action, and all of the requirements of these sections of the General Code were complied with. This action progressed to the point where, in order to complete the proceedings, it became necessary for the trial court to confirm the sale that had been made under the order of the court. At this point in the proceeding, the common pleas judge, after a full and complete investigation with respect to the subject, became apprised of the fact that the undivided one-fourth interest of the property thus to be sold separately in that proceeding would not sell for more than 50 per cent, of its actual market value, and that such sale would entail a substantial loss and damage to all the parties in being interested in the property, and would also likewise cause a substantial loss and damage to the class of devisees known as the unborn issue of the fourth son, and, so finding, the court declined to confirm the sale, and decided to hold further action in that ease in abeyance until some method could be found which would disentail the property in question without injury or loss to any of the parties interested therein, and thereupon a proceeding in partition was instituted and carried through to completion in the common, pleas court.
 

 
 *528
 
 The first question that we encounter is: were these unborn heirs necessary parties in the proceeding involving the disentailment of the title to this property?
 

 The requirement of the statute as to necessary parties is that all parties in being who have any interest in the property must be made parties. There is no provision in the statute that parties not in being, but who may come into being later, and may then acquire an interest in the property in case they survive the life tenant, shall be made parties through some representative, and thereby be brought under the jurisdiction of the court. The statute definitely states that, if the names and residences of any of the parties interested in the property are unknown, that fact may be brought to the attention of the court by affidavit of the plaintiff in the action, and then the sale may proceed the same as though these parties were actually present in court. No publication for service is necessary to bring them in as parties. A careful reading of the statute makes it entirely clear why the Legislature did not state that it was necessary to have parties such as unborn devisees before the court in order to make a valid decree in the case which would bind such parties when they come into being.
 

 The court is specifically and definitely charged with the duty of finding upon evidence taken for that purpose that the disentailment will be to the substantial advantage of those who are seeking the order, and that such order will not substantially injure any of the parties now in being, or those interested who may later come into being. The plain, manifest policy of the Legislature was to provide a means,
 
 *529
 
 safe to all interested, of changing the character of the property entailed from real estate into money or its equivalent through a judicial sale, duly made and confirmed by the court, to the end that all interests might be segregated, preserved, and enjoyed by the several owners thereof, not in defiance of the provisions of the will, but strictly in accord with the terms of the will, and the statute imposes upon the court, in the most emphatic terms, duties that must be observed by the court in accomplishing these results, so as to safeguard the interests of all. The money takes the place of the property, while the title to the property is freed from the entanglements which may otherwise embarrass its sale and transfer for years to come. The descent and distribution' of property by will is governed by statute, and all provisions of the statute touching the subject become as a matter of law a part and parcel of every will executed subsequent to the enactment of the law.
 

 The right of the testator to entail his property, within the limits fixed by law, to persons yet unborn, is no more sacred than are the rights of devisees in being to relieve the property from such entailment provisions, when this can be done to the advantage of all parties in interest, and without occasioning any loss to any of the devisees named as unborn. The statute makes ample provision for investing the proceeds of the sale in interest-bearing securities of accredited value that the fund may. grow in value while awaiting distribution under the terms of the will. The law embraced in these ten sections was held to be constitutional in the cases of
 
 Nimmons
 
 v.
 
 Westfall,
 
 33 Ohio St., 213, and
 
 Oyler
 
 v.
 
 Scanlan,
 
 33 Ohio St., 308. These decisions were cited
 
 *530
 
 with approval in the case of
 
 Bennett
 
 v.
 
 Fleming,
 
 105 Ohio St., 352, 137 N. E., 900, and again in the case of
 
 Judy
 
 v.
 
 Trollinger,
 
 110 Ohio St., 576, 144 N. E., 44.
 

 Numerous decisions have been rendered to the effect that, when any member of a class of unborn devisees is in being, that one member may be brought into court as the representative of the class, and the whole Mass bound by the judgment of the court entered under the doctrine of virtual representation. Most of the decisions to this effect have also held that no one whose interests are adverse to the interests of the unborn class named as devisees in the will may properly appear as the representative of the
 
 class;
 
 that is to say, for illustration, the weight of authority seems to be to the effect that the interests of the fourth son in this case were so adverse to the interests of his unborn issue that he could not properly be treated as the representative of that class, and thereby give the court jurisdiction to bind the class because he was a party to the action.
 

 This court is of the opinion that the second paragraph of. the syllabus in the case of
 
 Bennett
 
 v.
 
 Fleming, supra,
 
 strictly construed, is broad enough to include the fourth son as a virtual representative in this case. Such finding was unnecessary in that case, for the reason that a member of the class of unborn devisees was in fact before the court. The second paragraph of the syllabus in that case should therefore be modified and limited to the facts in that case.
 

 Counsel for plaintiffs in error concedes in argument in this court that, if the trial court had confirmed the sale made in the action that was first begun to disentail this property, the sale ordered in
 
 *531
 
 that case would have been valid, and the title would have been a merchantable title; but it is contended that there is no authority in law for disentailing property in the same action in which it is being segregated in partition.
 

 While it is very important that all of the requirements of the disentailing statute be complied with, it surely cannot be material whether that be done only in the separate proceeding mentioned in the disentailing statutes (Section 11925
 
 et seq.),
 
 or whether these provisions be complied with in some other form of action, such as a proceeding in partition, an action in foreclosure of mortgage, or any other form of action involving the title to real estate, in which it is sought to quiet the title of parties interested therein as against an entailing provision found in a last will and testament covering the property.
 

 In this case the will gave full power and authority to the executors and the survivor of them to sell any part of the real estate at any time after the death of the testator, if in their opinion such sales would be for the best interests of the estate; and, pursuant to this power, a large part of the estate was sold prior to the death of the mother, and the proceeds disposed of according to the terms of the will. One-fourth of the total sum received for such sales was placed in trust to answer the terms of the will with respect to the undivided one-fourth of the estate which was trusteed for the benefit of the fourth son, having a life estate in the income, with remainder over to his surviving issue, as stated. The executors are now both dead, and an administrator with the will annexed was appointed and qualified. All
 
 *532
 
 the debts of the estate have been paid, and the estate has been completely divided and administered, all in accord with the provisions of the will.
 

 It seems entirely clear to this conrt that the orders of sale made in the partition case, the confirmations of the sales made, and the judgment rendered by the trial court accomplished full and complete disentailment of the property in question in all respects in accord with the provisions of Section 11925
 
 et seq.,
 
 and that the title tendered to the plaintiffs in error here was a merchantable title, and should have been accepted by the plaintiffs in error. The judgment of the court of common pleas accomplished substantial justice between all the parties interested in the property, and the purchasers at the sale took the property free and clear of all provisions of the will with respect to entailment of any part of the property.
 

 The judgments of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Jones, Day and Allen, JJ., concur.