## SLAUGHTER v FITZGERALD, SR. et

Ohio Appeals, 2nd Dist, Madison Co.

No. 143. Decided Nov. 25, 1939.

D. H. Jackson, Prosecuting Attorney, London, for plaintiff-appellant.

Crabbe & Tootle, London; D. M. Richmond, London, for S. C. Baber.

E. W. Johnson, London, for David A. Fitzgerald, Jr.

### OPINION

By GEIGER, J.

This is an appeal from an order of the Court of Common Pleas of Madison County, Ohio, rendered in the above entitled case, in an action by the Treasurer of Madison County for the foreclosure of a tax lien on certain real estate, amounting to $4,420.02.

All named parties were served either personally or by publication, and all were in default for answer or demurrer. The Court thereupon found in favor of the plaintiff, as Treasurer and held that there was due from David A. Fitzgerald, Sr., life tenant, and Madeline Fitzgerald, Evelyn Fitzgerald and David A. Fitzgerald, remaindermen, in fee simple, delinquent taxes, the total amount of which, at the time of the entry, was $4,538.10.

It was by the Court ordered that unless the defendants pay the same with-

in a limited period, that the right of redemption be foreclosed and the real estate sold.

Thereafter, David A. Fitzgerald, Sr., moved for a vacation of the default judgment by reason that he was now ready, able and willing to pay the current taxes plus one year of the back taxes, as provided by law. Thereupon, the Court ordered that the default judgment be set aside, and as long as the defendant, David A. Fitzgerald, Sr., shall pay the current taxes that further proceedings be stayed.

Thereafter, the Prosecuting Attorney moved for an order reinstating the former judgment for the reason that David A. Fitzgerald, Sr. has failed to pay taxes due and payable June 20, 1938. The Court thereupon ordered that the former order of the Court staying the execution be vacated, and the plaintiff was ordered to proceed with the sale.

Thereupon, David A. Fitzgerald, Jr., filed a motion representing that he, together with two living sisters, are the children of David A. Fitzgerald, Sr., and that the land described in the petition was devised by the will of Patrick Daley as a life estate to David A. Fitzgerald, Sr., and at his death to the heirs of his body, and in case of the failure of issue of the said David A. Fitzgerald, Sr., then to his brothers and sisters.

It is further represented that at the time, each of the sisters of David A. Fitzgerald, Jr., had minor children who are alleged to be necessary parties and have not been made such, and he moves that the minor children be made parties, and that the sale, set for January 28, 1939, be postponed until said necessary parties are made defendant and have had an opportunty to protect their rights.

The Sheriff offered the land for sale on the 28th day of January, 1939, at which time Sam C. Baber bid for the same the sum of $10,957.50, and the land was sold to him.

Thereafter, an application was made by the Sheriff for a citation against Sam C. Baber ordering him to show cause why he should not be punished for contemt growing out of his failure to pay the purchase price. It is represented that Sam C. Baber paid $1,095.75 on the purchase price but has refused to pay the balance.

Baber answered the application and alleged that at the time of the sale the Sheriff and Prosecuting Attorney made the announcement that the purchaser would receive a good and merchantable title, and that relying on such representation he bid in the property. He asserts that the title is not a good and merchantable title, stating that the land was devised by the will of Patrick Daly to David A. Fitzgerald, Sr., for and during the term of his life, and at his death to the heirs of his body, and in case of failure of issue— to the brothers and sisters of the testator.

It is represented that David A. Fitzgerald, Sr., has a living son, David A. Fitzgerald, Jr., and two living daughters, and that each of said living daughters has minor children who have not been made parties, and that they are necessary parties, and that by reason of the fact that they were not made parties the Court had no jurisdiction to order the sale of the real estate, and Baber prays that the citation for contempt be dismissed, and that the amount he has paid to the Sheriff be refunded.

The Court on March 8, 1939, on considering the motion of David A. Fitzgerald, Jr., found that the minor children suggested in said motion as necessary parties, are the grandchildren of David A. Fitzgerald, Sr.; that their interest is remote and contingent upon their surviving their mothers, and that their mothers predecease their grandfather; that the interest of each is represented by their respective mothers who are parties defendant, and that by reason thereof said minor children are not necessary parties; and the motion was overruled. The Prosecuting Attorney demurred to the answer in contempt filed by Sam C. Baber, on the ground that the facts do not constitute a defense.

The Court on August 15, 1939, on consideration of the demurrer by the

Prosecuting Attorney overrules the same, and the plaintiff, the Treasurer, not asking to plead further, the Court finds that Baber has not been guilty of contempt as charged, and it is ordered that he be dismissed. It would seem that in overruling this demurrer the Court reversed his former position when on March 8, 1939 he overruled the motion of Fitzgerald, Jr., and held that the minor children were not necessary parties. In overruling the Prosecutor's demurrer, he did so because he then held they were necessary parties. Thereupon, the plaintiff gave notice of appeal to the Court of Appeals from the judgment rendered by the Court on August 15, 1939 in the matter of the application for citation for contempt, said appeal being on questions of law.

Through this appeal from the order of the Court finding that Baber is not in contempt for the reason that the title was defective because the grandchildren were not made parties defendant, and, therefore, there was no merchantable title, the review by this Court is sought to determine whether or not the grandchildren were necessary parties.

The question at once occurs as to whether or not the order sought to be reviewed is a final order effecting a substantial right in effect determining the action and preventing a judgment.

There is no appeal from any order of the Court refusing to make the infants defendants, nor has there been any final order holding that the infants are necessary parties, except so far as such a finding is inferred from the refusal of the Court to hold the purchaser in contempt, and the opinion of the Court filed Aug. 5, 1939, wherein he held that the minor children were necessary parties.

However, §12222-2 provides that a final order is an order effecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment. It also appears that the same procedure in contempt for failure to accept title was pursued in **Schneider v Wolf, 120 Oh St 525.** Without definitely passing upon this question, we will assume that the order finding S. C. Baber not in contempt is a final order as being made in a special proceeding, which is the contempt proceeding, and that it is appealable.

We take this postion with some doubt, for the reason that neither party has raised the question, and all seem to assume that the appeal from the order in the contempt proceeding gives this court the right to review the real question as to whether the infants are necessary parties.

As heretofore stated, Patrick Daley devised the land to David A. Fitzgerald, Sr., for life, and then to the heirs of his body, and in case of failure of issue of the said David A. Fitzgerald, Sr., then to his brothers and sisters.

At the beginning of the action, David A. Fitzgerald, Sr., had three children, two of whom had living minor children. The three children of David A. Fitzgerald, Sr., and his brothers and sisters were made parties but the grandchildren were not.

The estate devised by the will of Patrick Daley is an estate tail vesting in David A. Fitzgerald, Sr., as the first donee in tail, with the estate of inheritance to vest in the heirs of his body, David Fitzgerald, Evelyn Fitzgerald and Madeline Fitzgerald, upon his death. The reversion by the terms of the will was devised to the brothers and sisters of David A. Fitzgerald constituting a contingent estate.

The Prosecuting Attorney formulates two questions as determinative of the question now before the Court. (1) does an action to foreclose a tax lien under the statutory provisions of Ohio work a disentailment of an entailed piece of real estate? (2) When an action is brought to foreclose a tax lien attaching to an entailed estate, are the children of the issue of the first donee in tail necessary parties?

The first question proposed may be more simply stated as follows: In an action to foreclose a tax lien what estate is conveyed by the Sheriff's deed made in pursuance of the statute?

Counsel for Baber states the matter for our determination as follows: (1) Are the grandchildren of Fitzgerald, Sr., who were in being at the commencement of the action necessary parties? (2) Are unborn grandchildren of Fitzgerald represented by making their parents parties? (3) Does this type of sale convey a fee simple title to the purchaser or only the interest of Fitzgerald, Sr.?

Counsel have filed most elaborate briefs touching upon all the questions involved as well as some that do not seem to be before us, and have really written theses on the subject of entailed estates and contingent remainders. While we appreciate the efforts of counsel, we must, in the interest of proper brevity, confine our examination of the question to narrower limits.

We will consider first the question as to the estate that is conveyed upon the foreclosure of a tax lien, touching only briefly upon the pertinent statutes and decisions. We pass over without comment some of the points urged by counsel.

Sec. 5671, GC, provides that the lien of the state for taxes shall attach to all real property subject to such taxes, which lien shall continue until such taxes, with any penalty accruing thereon are paid. Taxes charged shall be a lien on real property of the person charged therewith from the date of the filing of the notice of such lien.

Sec. 5680, GC, provides that each person shall pay taxes for the lands of which he is seized for life, or in dower.

Sec. 5688, GC, provides that if any person, seized of lands in dower or for life, neglects to pay the taxes so that the lands are sold for the payment thereof, and within one year after such sale does not redeem them, according to law, he shall forfeit to the person next entitled to such lands in remainder, all the estate which he has in such lands, and the remainderman or reversioner may redeem the lands in like manner as other lands are redeemed.

In the Chapter on Delinquent Lands —§5713, GC, provided that the state shall have a first and best lien on the lands described in the list, for the amount of taxes, charged prior to the delivery of the list, with interest.

It is further provided that if the taxes have not been paid for three consecutive years the state shall have a right to institute foreclosure proceedings in the same manner provided by the Chapter.

Sec. 5718-3, GC, provides that it shall be the duty of the prosecuting attorney to institute a proceeding in the name of the Treasurer to foreclose the lien of the state within nine months after the publication of the list, unless the taxes have been paid. The proceeding for such foreclosure shall be instituted and prosecuted in the same manner as provided by law for the foreclosure of mortgages, with certain stated exceptions.

Sec. 5719, GC, provides that a finding shall be entered of the amount of such taxes as shall be found due and unpaid, and the court shall order such premises to be sold and from the proceedings the costs shall first be paid, next the amount of taxes accruing after the entry of the finding, and the balance, if any, shall be distributed according to law.

Sec. 5762, GC, in the Forfeited Lands Chapter, provides that the auditor on making a sale shall give to the purchaser a certifiate, and upon return of the certificate and the payment of charges shall execute to such purchaser, his heirs and assigns, a deed, which deed shall be prima facie evidence of title in the purchaser, his heirs or assigns.

It is suggested by counsel for plaintiff that no language in the Chapter referring to Delinquent Lands mentions the disposition of an estate which has been entailed, and which involved a life estate or other lesser estates, and, therefore, that no authority is to be found suggesting the nature of the title conveyed by the sheriff's or auditor's deed, when the actual estate is an estate tail upon which the first donee has allowed the taxes to become delinquent.

We, however, are of the opinion that the provisions of the Sections we have above alluded to are broad enough to govern the sale of delinquent lands where any life tenant has failed to pay the taxes and that §§5680 and 5688 are applicable to the present case.

The question to be determined is what estate is conveyed by the taxing officials where the life tenant has failed to pay the taxes, and the taxing officials seek to foreclose the lien for such delinquent taxes. There are a number of decisions in Ohio which we shall briefly note, which in our judgment throw light upon this question. In the case of Douglas v Dangerfield, 14 O. R. 522, the Court states, at page 529:

"The tax attaches upon the land rather than upon the person * * *."

The case of Gwynne v Niswanger, 20 Ohio Reports 556, comments upon a statute then in effect, which provides that the auditor shall execute to the purchaser a deed, which deed shall convey a good and valid title to the land and states to the effect that it cannot be contended that the deed made under the law then under examination will not convey complete legal title if the state has power to make such title. The deed shall be one conveying the property absolutely, without reservation or condition. The Court further states on page 564, in substance, the purchaser at the sale, if the proceedings be substantially correct, has a complete legal title, and does not require the aid of a court of chancery. A tax title from its very nature has nothing to do with a previous chain of title; does not in any way connect itself with it. It is a breaking up of all previous titles. The party holding such title, in proving it, goes no further than his tax deed; the former title can be or no service to him nor can it prejudice him. If the land be regularly sold for taxes, the property, accompanied with a legal title, goes to the purchaser, no matter how many estates, legal or equitable, may be connected with it.

In the case of Jones v Devore, 8 Oh St 430, it is held that a valid sale of lands by an auditor for the non-payment of taxes bars all pre-existing rights of dower, inchoate or perfect. The act does not make the deed of the auditor prima facie evidence of a valid title unless it be shown to have been made in pursuance of authority given by law.

Scott, J., says at p. 431, in substance, that all the proceedings for the sale of land for non-payment of taxes are in rem, and not in personam. They operate, if at all, upon the land itself, and not merely upon the title of the person in whose name it may have been listed for taxation. The statute under examination provides that the deed of the auditor shall vest in the grantee a good and valid title, both in law and in equity. The Judge states—"A valid tax title, therefore, extinguishes all previous titles, legal or equitable, inchoate or perfect; and the purchaser takes the premises discharged from all previous liens and incumbrances whatsoever. The tax is assessed upon the land itself, and is a paramount lien upon it; and its payment can be enforced only by the sale of the specific property taxed. All persons having any interest in the premises, must, therefore, see to the payment of the taxes at their own peril."

In the case of Clark v Lindsey, 47 Oh St 437, the Court quotes with approval Jones v Devore, supra. In the case of Trust Co. v Root, 72 Oh St 535, it is held that by virtue of §2838 Revised Statutes, the lien of the state for taxes is paramount to all other liens, and that that lien is transferred to the purchaser at a tax sale, and is not affected by the fact that at the time of the sale a suit was pending in foreclosure.

The Court states on page 537, the taxes were a lien paramount to all other liens and claims when the foreclosure suit was commenced. It was the duty of the plaintiff to take notice of the tax proceedings and govern itself accordingly. Not having done so it must, like other negligent parties, abide the result. See 33 L. R. A. 689. It may

be observed that the special statutes which were under examination in the several above cited cases, provide definitely that the auditor's deed shall convey a good and valid title to the land, and vest in the grantee a title good, both in law and in equity.

The present §5671 GC, comparable to §2838 R. S., and the other sections under examination in the above cited cases, has no definite provision that the auditor's deed shall vest in the grantee a good and valid title, but simply states that the lien of the state for taxes shall attach to all real property, which shall continue until such taxes are paid. We have not found any statutory provision as to the effect of the sheriff's or auditor's deed in conveying title comparable to the former statutes such as 2838 R. S.

We are of the opinion, however, that the omission from the present statute of the definite declaration as to the estate conveyed as provided in the former statutes, does not indicate a legislative intent that the auditor's deed shall convey less than the entire fee. There is no doubt that the remaindermen could have saved their interest in the estate by paying the delinquent taxes, and could have dispossesed the delinquent life tenant of his life estate. (See §5688 GC).

We, therefore, arrive at the conclusion that S. C. Baber, when he purchased the property at Sheriff's sale, secured a fee simple estate, even though the tax lien, which was foreclosed, was the result of the non-payment of taxes by David A. Fitzgerald, Sr., who held only a life estate, as the first donee in tail. Therefore the purchaser to the Sheriff's sale cannot set up this defense in the contempt proceedings that he did not secure a merchantable title to the fee of the real estate.

We come now to the second question presented by the record which is expressed by counsel for plaintiff under a second proposition in the following question. When an action is brought to foreclose a tax lien attaching to an entailed estate—are the children of the issue of the first donee in tail necessary parties? Counsel for Baber states the questions as follows: Are the grandchildren of David A. Fitzgerald, Sr., who were in being at the commencement of the action necessary parties, and are unborn grandchildren represented by making their parents parties?

The Court below in supporting his ruling that the grandchildren were necessary parties, stated in effect that the statutes covering tax lien foreclosures indicate that there is no statutory dispensation as to proper parties, and that under the case of **Schneider v Wolf, 120 Oh St 524**, and other cited cases, all parties in being who have any interest in the property must be made parties. The trial court was of the opinion that the grandchildren of David A. Fitzgerald, Sr., who were in esse at the time of the commencement of the action, were necessary parties, and that the doctrine of virtual representation is not applicable to them through their parents.

Inasmuch as the Court relied upon the Schneider case, it will be well to examine it before we proceed further. After reciting facts, the Court states:

"An action was duly commenced pursuant to §§11925, GC to 11935, inclusive, GC, to distentail the property, all parties in being who were interested in the property being made parties to the action. None of the class of devisees named in the will as unborn were then in being. Held, that it was unnecessary to name these unborn devisees as parties to the action brought to disentail the property."

It would seem from this that the question was whether or not it was necessary to make the devisees named in the will as unborn, parties defendant, and the Court held that it was unnecessary to name them as parties in the action brought to disentail the property. While this last case was begun as an action in partition, the necessary parties seem to have been determined by considering it as a pro-

ceeding under §11925, GC, to disentail the property.

Judge Kinkade, delivering the opinion of the Court remarks on page 531, that while it is important that all requirements of the disentailing statute be complied with, it cannot be material whether that be done only in a separate proceedings mentioned in the disentailing statute, or whether these proceedings be complied with in some other form of action such as a proceeding in partition, or any other form of action involving the title to real estate, in which it is sought to quiet a title.

If we examine the sections there under consideration as to parties, we find that the provision in §11925 GC, is substantially as follows: In an action by a tenant in tail, or for life, or by the grantee or devisee of a qualified or conditional fee, or of any other qualified or determinable estate, or by a person claiming under such tenant, grantee or devisee, the Court may authorize the sale of any estate whether it be created by will or came by descent when satisfied that the sale would be for the benefit of the person holding the principle estate, and do no substantial injury to the heirs in tail or other in expectancy, succession, reversion, or remainder.

Sec. 11926 GC, provides in substance that the petition shall contain a description of the estate to be sold, and that all persons in being who are interested in the estate by the terms of the will, deed or other instrument, creating the entailment of other estate thereafter, or may become interested therein as heirs, reversioner, or otherwise, shall be made parties to the action.

The case at bar is a proceeding under the statute to foreclose a tax lien, and while it may have been possible under proper pleadings to secure a disentailment of the estate as provided by §11925 GC, and seemingly sanctioned by the Schneider case, **no such attempt was made, and no proper allegations that would have supported such an action appear in the petition.**

It will be noted that §11926 GC, is exceedingly searching in its requirements for proper parties defendant, and it may well be held that in such an action the grandchildren of the first donee in tail were necessary parties, but we think the case last cited falls short of determining that they are necessary parties in the statutory proceeding such as that at bar, which does not seek disentailment.

In the case of **Bennett v Fleming, 105 Oh St 352**, it is held in substance in the second syllabus that persons having a remote interest in realty are bound by the judgment rendered in an action covering the property, although not made parties to the suit, if the holder of the first estate is a party. Estates limited to persons not in being are represented by the living owner of the first estate of inheritance, so that a decree in a suit in which the first holder, a living person, is made a party will conclude the rights of afterborn remaindermen.

This holding, however, was criticized in the Schneider case, where it is stated, on page 530, that the Court is of the opinion that the second paragraph of the syllabus of Bennett v Fleming is broad enough to include the fourth son as a virtual representative in this case. "Such finding was unnecessary in that case for the reason that a member of the class of unborn devisees was, in fact, before the court, the second paragraph of the syllabus should, therefore, be modified and limited to the facts in that case."

Counsel for plaintiff, in his brief, page 28, states "that while in the Court below the doctrine of virtual representation was briefed and discussed it is now acknowledged that the doctrine of representation has been everywhere held by the courts to be a rule of necessity and not of convenience, and has been applied where the person who was to be represented was not in being, and that it was necessary for the Court to hold that he was represented by persons who were in being, and whose duty it was to make the same defense which could have been made had the person

been in being, and counsel seems to abandon the doctrine of virtual representation.

Counsel for Baber concurs in a statement that the doctrine of virtual representation is a doctrine of necessity invoked to help the alienation of land by allowing a member of a class to represent unborn members of that class, or where there are no members of class in esse to allow the predecessors in title to represent the unborn members of that class. He, however, asserts that a parent cannot represent his unborn children by virtue of representation, which we, from investigation, find to be correct, it being held that their interests are not identical.

We are driven to the conclusion that if the grandchildren in esse or unborn were necessary parties and were not made such, they could not be considered to have been parties by virtue of the fact that their parent was made a party defendant. If they were necessary parties, those in being should have been made such and served, and they would have represented the unborn members of their class. It is, therefore, necessary to determine whether these grandchildren were necessary parties. If they were, they were not made such either by actual service or through virtual representation, and, therefore, the Court would not have had authority to render the judgment foreclosing the lien, and it would follow that the title acquired at the Sheriff's sale was not merchantable, and that Baber was not in contempt. We must examine closely the provisions of the statute in reference to the foreclosure of the lien for delinquent taxes.

Sec. 5718-3 provides that it shall be the duty of the prosecuting attorney to institute a proceeding in the name of the treasurer to foreclose the lien of the state, and to prosecute the same to final judgment. "The proceedings for such foreclosure shall be instituted and prosecuted in the same manner as is now or hereafter may be provided by law for the foreclosure of mortgages on land in this state * * *." It shall be sufficient, having made proper parties to the suit, for the treasurer to make certain allegations, and the prayer of the petition shall be that the court make an order that the property be sold by the sheriff "in the manner provided by law for the sale of real estate in execution". It seems to us that a compliance with the statutes in reference to ordinary proceedings in the foreclosure of mortgages, is sufficient.

Sec. 11255 GC provides that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is an interested party to the complete determination or settlement of the question involved therein.

A statute, which we do not comment upon as to its applicability is §10512-8, GC, which provides, in substance, that no interest in real property shall be good unless it must vest, if at all, not later than twenty-one years after the life or lives in being. All estates given in tail by deed or will in lands shall be and remain an estate in fee simple to the issue of the first donee in tail. See also §10512-4 GC.

As has already been stated but is repeated here for ready reference, the real estate in question was devised by the will of Patrick Daley to David A. Fitzgerald, Sr., for and during the term of his natural life, and at his death to the heirs of his body, and in case of failure of issue to David A. Fitzgerald, Sr., then to the brothers and sisters of the testator.

David A. Fitzgerald, Sr., is still living and has a living son, David, Jr., and two living daughters, and each of said living daughters has minor children who are not made parties.

The chance of the grandchildren inheriting is remote. They have no present interest.

16 O. Jur. 418, §36, states:

"It is a well established rule that under the Ohio statute modifying the principles of the common law relating to estates tail, the issue of the donee in tail during the life of such donee

has no estate or interest in the lands entailed which he can alienate. The issue of the donee in tail during his life are only heirs apparent or presumptive. Their title is the bare possibility or mere chance of becoming eventually the heir in tail; for, the maxim is **nemo est haeres viventis**". And it is a well settled rule that a mere possibility cannot be released or conveyed; the reason being that a release supposes a right in being. Therefore, a quit claim deed executed by the issue of a donee in tail during his life cannot convey the estate even if the grantor subsequently becomes invested with the estate. In other words, the quit claim deed passes no estate which was not then possessed by the parties.

In the case of **Dungan v Kline, et, 81 Oh St 371**, opinion by Crew, J., at p. 385, the Court, after stating that a release is considered as a primary conveyance, says: "But if he have no right, nothing passes, not even a **chose in action**. What estate, then, had the issue of the first donee in tail, during his life? My answer is none. \* \* \* Such issue is only an heir apparent or presumptive. His title is the bare possibility, or mere chance, of becoming eventually the heirs in tail; for the maxim is, 'nemo est haeres viventis'. And it is a well settled rule, that a mere possibility can not be released or conveyed; and the reason thereof is, that a release supposes a right in being."

In the case of **Laver v Kreiter, 7 Oh Ap 441,** certain facts are stated, and the court states on p. 444:

"The estates created by the will of Philip Laver are in legal effect entailed estates, giving to the first takers an estate for life only, and to the issue of the first takers, or to the heirs of their bodies, an estate in fee simple."

Citing: **Dungan v Kline, et, 81 Oh St 371.**

Dart v Dart, 7 Conn. 250.

Carter v Grossnickle, 11 N. P. (NS)

465. Affirmed without opinion, 88 **Oh St 577.**

"Under these authorities Laver had no interest in the lands that he could alienate." We cite without comment §10512-4 passed after the above cited cases were decided, and the historical statement. For a resume of tax sales statutes see **The Columbus Titles Inc., v Thatcher, et, O. L. R. Vol. 12,** December, 1939.

This matter has given us considerable concern, but we have arrived at the conclusion that the ██ grandchildren had no present interest in the estate, and, therefore, were not necessary parties; that a fee simple title could be conveyed by Sheriff's deed to the purchaser, Baber, subject to the right of redemption.

It follows that the answer of Baber was not a sufficient defense to the citation for contempt, and that the Court erred in overruling the demurrer of the Prosecuting Attorney to his answer.

Judgment of the Court below reversed and case remanded.

BARNES, J., concurs.
HORNBECK, PJ., dissents.

HORNBECK, PJ. Dissents:

I dissent from the proposition that the grandchildren of David Fitzgerald, Sr., are not necessary parties to this proceeding. Plaintiff's counsel concedes and the majority holds that the grandchildren cannot be bound upon the theory of virtual representation, but say their interest is so remote that they are not necessary parties. These grandchildren may take an interest in the land under consideration. Their interest is prospective and contingent. So is the interest of the children of David Fitzgerald, Sr. They may or may not take dependent upon their survival of their father. The grandchildren are "persons in being who are interested in the estate by the terms of the will" or in any event "may become interested

therein as heirs, reversioners, or otherwise" and "shall be made parties to the action". §11926 GC. This section relates specifically to the requisite allegations of the petition in an action to sell entailed real estate. Should not its provisions as to proper parties be observed in the instant action, the result of which is to pass all prospective interests of the grandchildren in the real estate to the purchaser thereof and thereby accomplishing, as the majority has properly held, all that is contemplated in a sale under §§11925, GC, et seq.

"While it is very important that all of the requirements of the disentailing statute be complied with, it surely cannot be material whether that be done only in the separate proceeding mentioned in the disentailing statutes (§11925 et seq.), or whether these provisions be complied with in such other form of action, such as a proceeding in partition, an action in foreclosure of mortgage, or any other form of action involving the title to real estate, in which it is sought to quiet the title of parties interested therein as against an entailing provision found in a last will and testament coving the property."

The test as to requisite parties under §11926 GC is not that they shall hold a present vested interest as were the questions presented in **Dungan v Kline, et, 81 Oh St 371 and Laver v Kreiter, 7 Oh Ap 441.**

If the law as announced in Dungan v Kline et al, is to control as to the proper parties in this case then the children of David Fitzgerald, Sr., are not necessary parties because during his lifetime his children hold no estate which they could alienate. Dungan v Kline, et al., supports the conclusion that the grandchildren of David Fitzgerald, Sr., have a prospective interest under the will of Patrick Daley because it was there recognized that the surviving grandchildren of the donee in tail held title to shares in the lands in question as against those who claimed through deeds made by their fathers,

children of the first donee in tail who had predeceased her.

In Bennett v Fleming, et, 105 Oh St at page 352 the will of James Bennett provided that the real estate be devised to his daughter. Mary E. Fleming for life, remainder to the heirs of her body and further provided that if Mary E. Fleming should die without surviving issue, the real estate should pass to the testator's two remaining children, George Bennett and John P. Bennett, equally during their natural lives, with remainder to their children.

Mary E. Fleming, George Bennett and John P. Bennett were all of the children of James Bennett, the testator. At the time that the proceedings were instituted by Mary E. Fleming under §§11925 GC, et seq., George Bennett and John P. Bennett were living. George Bennett had one minor son, Frank, and John a minor daughter, Matilda. The plaintiff, Helen Bennett, daughter of John, was not born until after the proceedings were fully completed. All of the living Bennetts heretofore mentioned were made parties and the minors answered by guardians ad litem. The claim of Helen Bennett in part was that her interest in expectancy was not properly protected by the decree of disentailment. Obviously it was not contemplated that she would be made a party by virtue of §11926 GC, because it requires only persons "in being" etc., to be named as parties. Further, Helen had a sister, Matilda, who clearly was in the same class as Helen and she, therefore, was virtually represented.

The court, then, in passing upon the question properly determined that Helen Bennett was not a proper or necessary party and was represented by her sister who was a party. The court, however, did go too far in the second proposition of the syllabus wherein it is said that persons having a remote, contingent or expectant interest in realty are bound by the judgment * * * concerning the property, although, not made parties to the suit, if the holder of the first estate of inheritance is a party and it is modified in Schneider v Wolf, supra. The court pointed out

that in Bennett v Fleming a member of the class of unborn devisees was in fact before the court and therefore, Helen, of the same class was bound by the doctrine of virtual representation. Bennett v Fleming now affords no support to the claim that Helen Bennett, if living when the suit was instituted would not have been a necessary party.

In Schneider v Wolf, the purchaser of real estate sold in partition asserted that the title was not merchantable because "parties were not represented in court forming a class of devisees named in a last will and testament of a former owner of the property as the unborn children of one of the devisees holding a life estate under the will".

Judge Kinkade at page 528 of the opinion marks the requirement of the statute that only those who are in being are necessary parties and not those unborn who may thereafter acquire an interest in the property. The court expressly found that all parties interested and in being were made parties to the action. This case is no authority for the claim that living persons who may take an estate in realty under a will are not necessary parties to an action under §§11925 et seq., to sell such real estate.

The judgment should be affirmed.