BENNER & CO. ET AL., APPELLEES, *v.* ATLAS REMAINDER, INC., ET AL., APPELLANTS.

the net assets of the estate as above stated. It does not consist of specific property. When so set up on the books of account, the amount of money representing the corpus of the trust will not be reduced as a result of the operation of the business. On the other hand, the use of income by the trustee in the operation, maintenance or expansion of the business must not be permitted to result in currently increasing the value of the corpus of the trust." 158 Ohio St. at 522.

The corpus was found by the Ohio Supreme Court to be $134,924.34 at the inception of the trust in 1938. The court also ordered the establishment of a retained income account in Atlas' accounting records for any income used by the trustee for the business and held that the income beneficiary would have a preserved right to that amount upon termination of the trust.

The appellees acquired an interest in Atlas in the following manner. May divorced Emil and in 1955 she sold her interest as the income beneficiary under the trust to Emil for a valuable consideration. Then, in 1962, Emil sold to Benner & Company a one-twentieth interest in all the rights he had acquired from his contract with May.

Appellants' interest in Atlas devolved from the purchase in 1954 by seven employees of Atlas and one outsider of the interest of the apparent remaindermen of the Clay M. Thomas Trust for $750,000. In 1960, Atlas Remainder, Inc., was formed and the purchasers of the remaindermen's interest assigned and transferred their undivided interests to that company. The apparent remaindermen of the trust who were parties to the contract, Clay's brother and sisters and their children, are also party defendants-appellants.

The appellees' position is that the only amount the Ohio Supreme Court made available to the remaindermen at the termination of the trust was the $134,924.34 corpus. The submitted justification by the appellees for such a declaration is that the trust provided the trustee with the power to pay the operating expenses, taxes and other charges of Atlas out of the trust income before distribu-

tion to the income beneficiary and since the subsequent growth of Atlas was financed by this income, the income beneficiary is entitled to all the growth of Atlas upon termination of the trust.

The District Court held that the remaindermen were to receive only the $134,924.34 corpus on termination of the trust and that the remaining assets, mainly Atlas itself, belonged to the income beneficiary under the trust. The court found that the following assets were paid for by the trust income and were directly responsible for Atlas' growth: "float" consisting of linens in stock, leased or otherwise on hand; assets of less than one year's life; fully depreciated assets; and goodwill of five companies that Atlas bought. The court concluded that at the termination of the trust, the income beneficiary (the appellees) and not the remaindermen (the appellants) would get these assets.

The appellants argue that the court lacked jurisdiction on several grounds. One of these grounds concerns the prematurity of the action in view of the fact that the trust has not been terminated. The will provided for termination of the trust upon the death of the life income beneficiary (May). The record here shows that May is still living, although she subsequently sold her interest, and that the business is still operating under the trust. The appellants contend that by reason of deaths and births subsequent to this litigation there may be at May's death remaindermen who are not parties to this litigation and therefore not bound by it. The appellees argue that the decision in this case will be binding upon any and all unborn remaindermen not a party to this litigation and not represented by a guardian or a trustee because the Federal and Ohio courts recognize the doctrine of virtual representation. This doctrine allows unborn remaindermen to be represented in court by the present class of remaindermen or by a member of the unborn class of remaindermen that is in being. See *Stewart* v. *Oneal* (1916), 237 Fed. 897 (6th Cir.). cert. denied, 243 U. S. 645, 37 S. Ct. 406, 61 L. Ed. 944; *Schneider* v. *Wolf* (1929), 120 Ohio St. 524; *Bennett* v. *Fleming* (1922), 105 Ohio St. 352. A requirement of the doctrine is that the

in stated as will enable accountants to rewrite or amend the trustee's books of account so that they will satisfy all legal requirements." 158 Ohio St. at 520-521. (Emphasis supplied.)

We hold that the suit was premature because during May's lifetime there remains the possibility of other remaindermen coming into existence by birth or adoption, and therefore it cannot be conclusively said that all the interested parties are presently before the court. See *Dahlgren* v. *Pierce* (6th Cir. 1921), 270 Fed. 507, 517.

The order of the District Court is vacated and the action is dismissed.